## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSEPH AARON BORDELON, ET AL. | : | CIVIL ACTION NO.  10-0482 |
| VS. | : | JUDGE DONALD E. WALTER |
| RANDY HANSON | : | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, are motions:  1) to Compel Vocational Rehabilitation Interview and Testing [doc. # 40]; and 2) for expedited consideration of same [doc. # 41], filed by defendants, Randy Hanson; Interior Fixtures Installations, Inc.; and America First Insurance Company.[1]  For reasons explained below, the motions are GRANTED.

On October 4, 2011, the District Court issued a scheduling order which set the discovery and defendant expert report deadline for Friday, October 28, 2011.   (Oct. 4, 2011, Sched. Order [doc. # 37]).   In an effort to comply with this deadline, on October 20, 2011, defendants filed the instant motion to compel a vocational rehabilitation interview and testing with Burt Ashman on October 24, 2011.  The attached Rule 37.1 Certificate indicates that according to plaintiff's counsel, his client's appearance for the vocational interview and testing was contingent upon another motion that plaintiff's counsel had yet to file.  (Rule 37.1 Certificate).  Later that day, however, plaintiff filed a motion to amend the court's October 4, 2011, Scheduling Order to prohibit defendants from identifying any new experts or exchanging any new expert reports. (M/Amend Sched. Order [doc. # 42]).

_____

[1]  As this matter is not excepted within 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this order is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

On October 24, 2011, plaintiff filed an opposition to the motion to compel, wherein he adopted the arguments set forth in his motion to amend. (Opp. Memo. [doc. # 46]). In other words, plaintiff opposed the instant motion to compel because he believed that the court inadvertently reopened defendants' expert report deadline, and because a new vocational expert report would undermine the efficacy of his pending motion for summary judgment.

On this date, however, the District Court issued orders denying plaintiff's motion for summary judgment and motion to amend the scheduling order.[2] These rulings effectively overruled the grounds for plaintiff's opposition to the motion to compel. Accordingly,

IT IS ORDERED that the motions to Compel Vocational Rehabilitation Interview and Testing [doc. # 40] and for expedited consideration of same [doc. # 41] filed by defendants, Randy Hanson; Interior Fixtures Installations, Inc., and America First Insurance Company, are hereby GRANTED. *See* Fed.R.Civ.P. 35(a).

IT IS FURTHER ORDERED that plaintiff shall submit forthwith to vocational rehabilitation interview and testing by Burt Ashman, at the office of plaintiff's counsel. If the parties are unable to complete the foregoing examination (with sufficient time for Mr. Ashman to prepare and forward an expert report) by the end of this week, i.e. October 28, 2011, then the parties shall arrange the interview and testing at a mutually agreeable place and time, allowing sufficient time for Mr. Ashman to prepare and forward his report by the end of next week, i.e. November 4, 2011.

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 27th day of October 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

_____

[2] The Clerk of Court is in the process of docketing the orders.